530 P.2d 984 (1974)
Russell W. JUSTICE, Plaintiff-Appellee,
v.
STANLEY AVIATION CORPORATION, a corporation, Defendant-Appellant.
No. 74-008.
Colorado Court of Appeals, Div. I.
November 6, 1974.
Rehearing Denied November 26, 1974.
Certiorari Denied February 3, 1975.
*985 Herbert M. Boyle, Denver, for plaintiff-appellee.
Dawson, Nagel, Sherman & Howard, Craig A. Christensen, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff Russell W. Justice initiated this action to recover damages for an alleged breach of contract for services. Defendant Stanley Aviation Corporation appeals from the judgment entered in favor of plaintiff. We reverse.
Defendant, located in Aurora, Colorado, is engaged primarily in the manufacture of ejection systems for aircraft. In need of a maintenance superintendent, defendant advertised for that position in the Los Angeles Times. Plaintiff, who was then living in California, responded to the advertisement by sending his resume to defendant. Subsequently, defendant's personnel manager had a telephone conversation with plaintiff and a personal interview was scheduled at defendant's office. Following the interview defendant mailed plaintiff a letter, dated January 11, 1972, which is referred to by the parties as the contract of employment. Plaintiff moved to Colorado and worked for defendant from January 31, 1972, until April 12, 1972, when he was discharged.
The letter of January 11, 1972, consists of five paragraphs. The first paragraph states:
"We are pleased to confirm our offer to join Stanley Aviation Corporation as a Maintenance Foreman at a starting annual salary of $12,000 per year."
The second paragraph provides that defendant will reimburse plaintiff his relocation cost "up to the equivalent of one month's beginning salary, $1,000.00 for actual expenses" of moving household goods plus 8 cents a mile for travel expenses. It further provides that plaintiff was expected to complete his household move within 90 days and that if additional time were required a further extension would have to be agreed to by the defendant. The third paragraph provides that if plaintiff resigned for any reason within his control "at any time within twelve (12) months" from the date of his employment he would be obligated to reimburse defendant the amount of all travel and moving expenses paid by defendant. The other two paragraphs are not material to the issues presented.
The dispositive issue presented is whether, as found by the trial court, the contract of employment was for a definite period of one year. If there were no fixed term of employment either party could terminate the contract at any time without incurring liability for damages. In the determination of this issue we are not bound by the trial court's interpretation of the written document, Metropolitan State Faculty Federation v. State of Colorado, 32 Colo.App. 420, 514 P.2d 784; Bator v. Mines Development, Inc., 32 Colo.App. 320, 513 P.2d 220, nor by its findings if they are not supported by the evidence, Reilly v. Korholz, 137 Colo. 20, 320 P.2d 756.
Unless the circumstances indicate otherwise, a contract which sets forth an annual salary rate but states no definite term of employment is considered to be indefinite employment, terminable at the will of either party without incurring liability for breach of contract. See Bauer v. Goldman, 45 Colo. 163, 100 P. 435; Kansas Pacific Railway Co. v. Roberson, 3 Colo. 142.
The first paragraph of defendant's letter established an annual salary rate of $12,000 but was silent as to the term of employment. The second paragraph added *986 nothing concerning a term of employment for one year. An agreement on the part of defendant to pay moving expenses and plaintiff's commitment to complete his move within 90 days does not express or infer a term of a year. The third paragraph fixed a period and condition under which plaintiff would be liable to reimburse defendant for the moving and travel expenses paid by defendant but did not commit either party to a fixed term of employment.
Since no term was indicated in the letter, the next question is whether the evidence or circumstances established that both parties understood the contract to be for a term of one year. It is quite clear from the record that neither party contemplated a one year contract. Both parties agreed in their testimony that a fixed term of employment for one year was never discussed.
The evidence does indicate that plaintiff was seeking "permanent" employment and that he "assumed" that his employment with defendant would be permanent. Defendant denied that plaintiff was ever offered permanent employment and denied that any such agreement existed. The trial court made no finding on this issue. However, assuming arguendo that there was an agreement for permanent employment, this alone does not establish a term of employment for one year. In the absence of special consideration or an express stipulation as to the duration of the employment, a contract for permanent employment is no more than an indefinite, general hiring terminable at the will of either party. Arentz v. Morse Dry Dock & Repair Co., 249 N.Y. 439, 164 N.E. 342; Speegle v. Board of Fire Underwriters of the Pacific, 29 Cal.2d 34, 172 P.2d 867; Lynas v. Maxwell Farms, 279 Mich. 684, 273 N.W. 315; 56 C.J.S. § 8 Master and Servant. The record indicates no such special consideration or express stipulation.
Since there is no term for a year stated in the contract and since there is uncontradicted testimony by both parties that a one year term was never considered or intended, we hold that the contract was for an indefinite term and therefore terminable at will at any time by either party and that thus the discharge of plaintiff by defendant was not a breach of contract. Therefore, defendant is not liable to plaintiff for damages resulting from said discharge.
The judgment is reversed and the cause is remanded with directions to dismiss the complaint.
BERMAN and KELLY, JJ., concur.