Robert F. **CORBIN**, Plaintiff-Appellant,

v.

**SINCLAIR MARKETING, INC.**, Defendant-Appellee.

No. 83CA0568.

Colorado Court of Appeals, Div. I.

June 14, 1984.

**266**

Robert E. Brooks, Aurora, for plaintiff-appellant.

Holme, Roberts & Owen, John R. Webb, Linnea Brown, Denver, for defendant-appellee.

BABCOCK, Judge.

In this action for wrongful discharge, plaintiff appeals the trial court's dismissal of his complaint for failure to state a claim upon which relief may be granted. We affirm.

In his complaint, plaintiff alleged that: (1) He was employed by defendant as a gasoline truck driver; (2) he refused the defendant's order to check certain sensors located in the tank of the truck because of hazard to his health; (3) the action ordered by the defendant violated the safety regulations issued by the defendant; (4) he requested representatives of the Occupational Safety and Health Administration to investigate the safety of the ordered sensor check; and (5) defendant terminated his employment because he refused to perform an act which was condemned by defendant's own safety regulations.

## I.

Plaintiff first contends that he was discharged as a result of his refusal to act in a manner contrary to state and federal statutory statements of public policy. We disagree.

He relies upon the Colorado Minimum Wage Act, § 8–6–104, C.R.S., which makes it unlawful to "employ workers in any occupation within this state under conditions of labor detrimental to their health or morals," and the Labor Peace Act, § 8–3–108(2)(a), C.R.S., which makes it unlawful "to coerce or intimidate an employee in the enjoyment of his legal rights." Plaintiff also cites 29 U.S.C. § 654(a) of the Occupational Safety and Health Act, which provides that each employer:

"(1) Shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees; and

(2) Shall comply with occupational safety and health standards promulgated under this chapter."

We conclude that these statutory pronouncements constitute the same "broad, general statement of policy" which, in *Lampe v. Presbyterian Medical Center*, 41 Colo.App. 465, 590 P.2d 513 (1978), we found inadequate to justify adoption of an exception to the rule that an indefinite general hiring is terminable at will by either party to the employment. *See Adler v. American Standard Corp.*, 291 Md. 31, 432 A.2d 464 (1981); *Yaindl v. Ingersoll-Rand Co.*, 281 Pa.Super.Ct. 560, 422 A.2d 611 (1981); *cf. Cloutier v. Great Atlantic & Pacific Tea Co., Inc.*, 121 N.H. 915, 436 A.2d 1140 (1981). Moreover, the public policy exception is not available when, as does 29 U.S.C. § 660(c), the statute at issue provides to the employee a wrongful discharge remedy which he alleged was pursued. *Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 563 P.2d 1205 (1977); *Wehr v. Burroughs Corp.*, 438 F.Supp. 1052 (E.D. Pa.1977).

## II.

Plaintiff also contends that the complaint states a cause of action for wrongful discharge because it alleges that defendant terminated his employment in violation of its own safety regulation manual. Again, we disagree.

Distribution to employees of handbooks or policy manuals containing specific procedures for termination of employment, when relied upon by an employee and supported by the consideration of continued service, may give rise to a contractual duty on the part of the employer to comply with such procedures. *Salimi v. Farmers Insurance Group*, 684 P.2d 264 (Colo.App.1984). Some courts hold that the provisions of an employee handbook may also give rise to an implied contract requiring that the employee not be discharged without cause. *Pugh v. See's Candies, Inc.*, 116 Cal. App.3d 311, 171 Cal.Rptr. 917 (1981); *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1982); *Vinyard v. King*, 728 F.2d 428 (10th Cir.1984); *contra Cote v. Burroughs Wellcome Co.*, 558 F.Supp. 883 (E.D.Pa. 1982); *Heideck v. Kent General Hospital, Inc.*, 446 A.2d 1095 (Del.1982); *Mau v. Omaha National Bank*, 207 Neb. 308, 299 N.W.2d 147 (1980); *Reynolds Manufacturing Co. v. Mendoza*, 644 S.W.2d 536 (Tex. Civ.App.1982).

Here, however, we need not decide whether the provisions of an employee handbook or manual may provide a "good cause" exception to the rule that an indefinite general hiring is terminable at will by either party. *See Justice v. Stanley Aviation Corp.*, 35 Colo.App. 1, 530 P.2d 984 (1974). Plaintiff's complaint contains no allegation of breach of contract for failure to comply with discharge procedures or a termination for cause provision specified in any handbook distributed to plaintiff. The distinction fatal to plaintiff's complaint is that between termination policy and safety policy. We hold that a mere allegation of termination from employment because of compliance with the employer's safety policy is insufficient to state a claim upon which relief may be granted.

We conclude that the trial court did not err in dismissing plaintiff's complaint. C.R.C.P. 12(b)(5).

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.