**Dianna K. CHURCHEY,**
**Plaintiff-Appellant,**

v.

**ADOLPH COORS COMPANY,**
**Defendant-Appellee.**

No. 84CA0865.

Colorado Court of Appeals,
Div. I.

April 3, 1986.

Rehearing Denied May 1, 1986.

Certiorari Granted (Churchey)
Sept. 29, 1986.

Marlin W. Burke, Wheatridge, for plaintiff-appellant.

Bradley, Campbell & Carney, P.C., Earl K. Madsen, Jim M. Hansen, Golden, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiff, Dianna K. Churchey, appeals the summary judgment entered for defendant, Adolph Coors Co., for summary judgment on plaintiff's claims for wrongful discharge, breach of employment contract, defamation, and outrageous conduct. We affirm.

Plaintiff was employed by defendant until a series of incidents concerning certain medical reports and work days led to her discharge for "dishonesty" in January of 1983. Pursuant to defendant's "Appeal Board Procedure," plaintiff appealed her discharge to a five-member board. The board, which included two persons designated by plaintiff, unanimously upheld her termination for dishonesty.

In her complaint plaintiff asserts that since her discharge, she has attempted to find employment elsewhere and that she has been obligated to disclose on each prospective employer's application for employment that she was "discharged for dishonesty" from defendant's company. None of the employers have called her back for a follow-up interview.

I. WRONGFUL DISCHARGE AND BREACH OF CONTRACT

Plaintiff alleges that the court erred in entering summary judgment of dismissal

on her claim for wrongful discharge and breach of contract because the court failed to take into consideration the binding effect of defendant's personnel rules and policies on what was otherwise an employment at will. We find no error in the dismissal.

■ In the absence of special consideration or an express stipulation as to the duration of employment, an indefinite general hiring is terminable at will by either party. *Lampe v. Presbyterian Medical Center,* 41 Colo.App. 465, 590 P.2d 513 (1978); *Justice v. Stanley Aviation Corp.,* 35 Colo.App. 1, 530 P.2d 984 (1974). It is undisputed here that the parties did not agree to the length of employment. Plaintiff contends, however, that because defendant supplied its employees with company policies and procedures governing discipline for violation of company rules, and because plaintiff reasonably relied on those rules, they became part of an implied contract and defendant was contractually bound to follow them.

We agree with plaintiff that, since the time of the trial court's determination that plaintiff's employment was terminable at will, our court has recognized a "good cause" exception to the rule that an indefinite general hiring is terminable at will. *Salimi v. Farmers Insurance Group,* 684 P.2d 264 (Colo.App.1984); *Corbin v. Sinclair Marketing, Inc.,* 684 P.2d 265 (Colo. App.1984). An employer's distribution to its employees of policy manuals which contain specific procedures for termination of employment, when relied upon by an employee and supported by the consideration of continued service, may result in the employer becoming contractually bound to comply with those procedures. *Salimi v. Farmers Insurance Group, supra.*

■ Nevertheless, even if we apply this new rule to the facts of this case and hold that the policies and procedures contained in defendant's personnel rules regarding procedures for termination became, as plaintiff contends, part of an implied employment contract, the result here would not be different. Contrary to plaintiff's allegation, she has not set forth any instances of defendant's failure to comply with the company rules regarding discipline; hence, no material issue was presented as to the alleged breach of contract or wrongful discharge, and summary judgment was properly entered.

## II. DEFAMATION

Plaintiff's next contention is that the trial court erred in entering summary judgment for defendant on her claim for defamation. We disagree.

■ The parties do not disagree that the general rule in an action for defamation is that if the originator of a potentially defamatory statement communicates the statement only to the person who would be defamed thereby and that person voluntarily discloses the contents of the statement to others, the originator of the statement is not liable for the resulting damage. Under such circumstances, an essential element of defamation publication by the defendant to some person other than the plaintiff, is absent. *Restatement (Second) of Torts* (1977) § 558(b). *See* C.J.I. Civ.2d 22:7 (1980); *Spears Free Clinic & Hospital for Poor Children v. Maier,* 128 Colo. 263, 261 P.2d 489 (1953); *Williams v. Burns,* 540 F.Supp. 1243 (D.Colo.1982).

Some jurisdictions, however, have recognized a so-called "foreseeability" exception to the traditional publication rule, holding the originator of the defamatory matter liable for damages under certain circumstances even though the defamed person was the sole communicator of the defamatory statement to third persons. Generally, courts adopting this exception have held employers liable for damages caused by disclosure by the discharged employee of the contents of a defamatory statement concerning the employee when such disclosure is the natural and probable consequence of the employer's actions. *See, e.g., McKinney v. County of Santa Clara,* 110 Cal.App.3d 787, 168 Cal.Rptr. 89 (1980); *First State Bank v. Ake,* 606 S.W.2d 696 (Tex.Civ.App.1980); *Grist v. Upjohn Co.,* 16 Mich.App. 452, 168 N.W.2d 389 (1969).

This foreseeability exception to the general publication rule was urged upon the trial court by plaintiff and the court concluded that such an exception should be the law in Colorado. Despite the adoption of the exception, the court granted defendant's motion for summary judgment, finding that plaintiff did not meet her burden of proving that defendant knew or should have foreseen that plaintiff would be required to disclose the reason for her termination to prospective employers.

 We affirm the court's entry of summary judgment on the defamation claim, but disagree with the court's adoption of the foreseeability exception. We perceive no sound reason for weakening the general rule by carving out an exception based on foreseeability in employment termination cases. *Cf. Sigmon v. Womack,* 158 Ga.App. 47, 279 S.E.2d 254 (1981); *Lunz v. Neuman,* 48 Wash.2d 26, 290 P.2d 697 (1955). Thus, the summary judgment was appropriate in this case because it is undisputed that, except for some communications subject to privilege, defendant did not communicate the grounds of termination to anyone other than plaintiff.

Because we decline to adopt the foreseeability exception to the publication rule, we need not address plaintiff's contention that she was denied the opportunity to present evidence on the foreseeability issue because that issue was raised *sua sponte* by the trial court.

### III. OUTRAGEOUS CONDUCT

 We also agree with the trial court that the facts in this case are insufficient to support plaintiff's claim of outrageous conduct. Based on the evidence presented by plaintiff, no reasonable person could conclude that defendant's conduct in discharging plaintiff was "so outrageous in character, and so extreme in degree as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970); *see Dorr v. C.B. Johnson, Inc.,* 660 P.2d 517 (Colo.App.1983); *Trimble v. City*

*& County of Denver,* 645 P.2d 279 (Colo. App.1981), *modified,* 697 P.2d 716 (Colo. 1985).

Thus, because there is no genuine issue as to any material fact concerning plaintiff's claims, the trial court was correct in entering summary judgment for defendant. C.R.C.P. 56(c); *Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.,* 143 Colo. 393, 353 P.2d 1098 (1960).

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.