**Michael C. ROBERTS, Plaintiff,**

v.

**CONOCO, INC., Defendant.**

**Civ. A. No. 88–B–1352.**

United States District Court,
D. Colorado.

Aug. 14, 1989.

Richard E. Samson, Hopp, Carlson & Beckman, P.C., Longmont, Colo., for plaintiff.

Todd L. Lundy, Denver, Colo., and Lisa E. Chismire, Conoco, Inc., Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on defendant Conoco, Inc.'s (Conoco) motion for summary judgment. Plaintiff, Michael C. Roberts (Roberts), commenced this action in the state district court alleging violation of Section 8–2–104, C.R.S. (1986 Repl.Vol. 3B), which makes one liable for inducing a workman to move into Colorado by means of false or deceptive representations concerning the kind and character of the work. After Conoco removed the action to this Court Roberts was granted leave to file an amended complaint to include a claim for negligent misrepresentation. Conoco now moves for summary judgment on both claims for relief. The Court grants Conoco's motion.

These material facts are undisputed:

Conoco hired Roberts as a full-time petroleum transport driver in Great Falls, Montana on March 1, 1984 at a salary of $20,000.00 per year. In June 1985, Doug Franssen (Franssen), Conoco's operations manager, went to Great Falls and offered Roberts a job as assistant terminal manager to Joseph Meuren (Meuren) and as mar-

keting representative at the Denver terminal in Commerce City, Colorado at an annual salary of $32,500.00. Franssen also told Roberts that he would receive assistance with the move to Colorado, including payment of living expenses during relocation, cash for incidental home needs, and help with the sale of his home in Montana. As assistant terminal manager, Franssen told Roberts that his responsibilities would include supervising and disciplining personnel, working on special projects, handling crisis and emergency situations, and working in sales, marketing, and public relations.

Job security was important to Roberts and his family. Thus, Roberts had the following discussion with Franssen:

> So my [Roberts'] question to [Franssen] was "What can I look for for a future?" And he [Franssen] said, "Well *normally* when we bring an individual into a position like this, he *usually* stays in that kind of position for anywhere between three to four years before he can expect to be hired to another position. In other words, upward mobility." He [Franssen] said it usually took three to four years. So I [Roberts] said I could expect to be in Denver for three to four years before I would receive any kind of significant promotion, and he said yes. (Emphasis added).

Roberts interpreted this conversation to mean that he was "assured" of being assistant terminal manager for three to four years. He understood that he was to have permanent employment and that satisfactory performance was a condition to any future with Conoco.

Plaintiff sold his house in Montana and relocated his family to Colorado. As promised, Conoco: 1) bought Roberts' house in Montana to aid his move to Colorado; 2) granted Roberts a home transfer loan; 3) reimbursed Roberts for various moving expenses, including temporary food and living expenses; and 4) gave Roberts cash disbursements for incidental expenses.

Roberts began working at the Commerce City terminal in August 1985. Although he agreed to undertake new duties and responsibilities as assistant manager he was neither promised nor given formal orientation or training. Nevertheless, Roberts became the assistant terminal manager at the Commerce City terminal under Meuren's supervision. He was paid an annual salary of $32,500.00. He was assigned to special projects and emergency situations. Roberts called on customers to promote asphalt and industrial sales. He supervised and disciplined the transport drivers, attended safety meetings and helped maintain truck safety. He performed administrative paperwork, coordinated schedules, and organized the dispatching.

There was friction on the job between Roberts and the drivers. Meuren gave Roberts a negative performance review in January 1986 and management decided to place Roberts on probation for three months. Roberts contends that during this probationary period Conoco provided inadequate training and support necessary to carry out his duties as assistant manager.

Roberts was terminated from his employment on May 12, 1986.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate when the Court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Matsushita, supra.* Where, as here, a party moves for summary judgment on an issue on which that party would not bear the burden of persuasion at trial, that party's initial burden may be satisfied by showing an absence of evidence in the record to support the non-moving party's case. *Celotex, supra.* Once the moving party has met this initial burden of production, the burden shifts to the non-moving party to come forward with specific facts

showing that there is a genuine issue for trial. *Matsushita, supra.; Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party must present evidence sufficient so that a reasonable juror could rule in the non-moving party's favor. *Matsushita, supra.*

## I.

Section 8–2–104, C.R.S. (1986 Repl.Vol. 3B). provides in pertinent part:

**8–2–104. Obtaining workmen by misrepresentation unlawful.** It is unlawful for any person, company, corporation, ... of any kind doing business in this state, ... to induce, influence, persuade, or engage workmen to change from one place of employment to another in this state, or to bring workmen of any class or calling into this state to work in any of the departments of labor in this state, through or by means of false or deceptive representations, false advertising, or false pretenses concerning the kind and character of the work to be done, or amount and character of the compensation to be paid for such work or ... other conditions of the employment, ... and it is deemed false advertisement and misrepresentation for the purposes of sections 8–2–104 to 8–2–107.

The Colorado Court of Appeals has interpreted C.R.S. § 8–2–104 to authorize a claim for statutory fraud. *Pittman v. Larson Distributing Co.,* 724 P.2d 1379, 1386 (Colo.App.1986). To establish a claim for statutory fraud Roberts must prove that Conoco made a false representation of a material existing fact. *Trimble v. City and County of Denver,* 697 P.2d 716, 724 (Colo.1985). A promise to perform a future act creates liability if the defendant had the intention, at the time the statement was made, not to fulfill the promise. *Kinsey v. Preeson,* 746 P.2d 542, 551 (Colo.1987). Fraud cannot be predicted upon the mere non-performance of a promise or upon a failure to fulfill an agreement to do something at a future time. *State Bank of Wiley v. States,* 723 P.2d 159, 160 (Colo. App.1986).

■ Here, Roberts alleges in his complaint that Conoco made the following misrepresentations:

1. That he would be promoted to assistant terminal manager if he relocated to Colorado;

2. That he would be performing duties as a Conoco transportation public relations and marketing representative if he relocated to Colorado; and

3. That he could be assured of being an assistant terminal manager for three to four years before being promoted.

There is no genuine dispute that Roberts became the assistant terminal manager in Commerce City, Colorado as promised. Roberts also performed the duties of a Conoco public relations and marketing representative, although his official title was assistant terminal manager.

Roberts contends, however, that his conversation with Franssen, quoted above, regarding job security and Conoco's promotional policies constituted a promise that plaintiff was guaranteed employment as assistant terminal manager for three to four years. As a matter of law, I disagree.

Roberts' unilateral belief that his employment with Conoco would be permanent, does not establish a definite term of employment. *See Justice v. Stanley Aviation Corp.,* 35 Colo.App. 1, 530 P.2d 984 (1974); *Garcia v. Aetna Finance Co.,* 752 F.2d 488 (10th Cir.1984). In the absence of special consideration or an express stipulation as to the duration of the employment, a representation of permanent employment is no more than a indefinite, general hiring terminable at the will of either party. *See Id.* 530 P.2d at 986. The record here shows no such special consideration or express stipulation, and Roberts understood that his employment with Conoco was contingent on satisfactory performance. Even under Roberts' interpretation of Franssen's statement, there was no promise regarding duration of employment upon which he can base a claim for fraud. And, Roberts has alleged no claim for breach of employment contract or wrongful termination.

## II.

To establish a claim for negligent misrepresentation, Roberts must show *inter alia* that: 1) the information supplied was false; and 2) Conoco failed to exercise reasonable care or competence in obtaining or communicating the information. *See First Nat'l Bank in Lamar v. Collins,* 44 Colo.App. 228, 616 P.2d 154, 155 (1980).

The Court concludes that Roberts has not met his burden on summary judgment as to these elements. As discussed above, Roberts has presented no evidence that Conoco supplied him with false information or failed to exercise reasonable care regarding any representation about the nature or duration of employment.

Because the Court concludes that Roberts has not established a genuine issue as to these elements of negligent misrepresentation, it is unnecessary to reach the damages issue.

Accordingly, it is ORDERED that Conoco's motion for summary judgment is GRANTED. The case is hereby dismissed with prejudice; each party to pay their own costs and attorney's fees.