**Hieu SMITH, Plaintiff,**

v.

**COLORADO INTERSTATE GAS COMPANY, Defendant.**

**Civ. A. No. 91–B–752.**

United States District Court,
D. Colorado.

Nov. 8, 1991.

Craig M. Cornish, Cornish and Dell'Olio, Thomas J. Herd, Cross, Gaddis, Kin & Quicksall, Colorado Springs, Colo., for plaintiff.

Michael L. Williams, Colorado Interstate Gas Co., Colorado Springs, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

In this employment discrimination case, the third amended complaint of plaintiff Hieu Smith (Smith) contains ten causes of action, six based on Colorado state law and four based on federal anti-discrimination statutes. Defendant Colorado Interstate Gas Company (CIG) moves to dismiss the state causes of action for intentional infliction of emotional distress, invasion of privacy, and violation of public policy and the federal cause of action for 42 U.S.C. § 1981. I grant the motion to dismiss the invasion of privacy, the violation of public policy, and the section 1981 claims, but deny the motion as to the intentional infliction of emotional distress claim.

## I. STANDARD

For the purposes of a motion to dismiss, I accept all factual allegations as true and resolve all reasonable inferences in favor of the plaintiff. *Tri–Crown, Inc. v. American Federal Savings & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir.1990). A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. *Id.*

## II. FACTS

Smith alleges the following. She is a female U.S. citizen who was born in Vietnam. From 1977 to 1990, she was employed by CIG, rising to the position of design draftsman. She was subjected to a continuous pattern of "oppression, humiliation, degradation and unequal treatment," Third Amended Complaint ¶ 14, by: (1) prohibiting her from making personal calls, a rule not applied to other employees; (2) prohibiting her from leaving her desk for more than five minutes without her supervisor's permission, a rule not applied to other employees; (3) keeping her under close observation; (4) informing the other drafters that her telephone privileges had been revoked; and (5) routing her incoming calls through her supervisor. She claims that in March, 1990, she was fired because of her gender and/or race, color, or national origin. She then filed a Title VII claim with the Colorado Civil Rights Commission and an unemployment compensation claim.

Shortly after Smith was fired, she obtained a temporary position with the City of Colorado Springs. In August, 1990, she applied for a permanent position with the city. A CIG employee then contacted the city and stated that Smith had filed a Title VII complaint. Another CIG employee then contacted the city and stated that it ought to check Smith's background and the accuracy of the information she listed on her employment applications. The city called the director of personnel for CIG, Bill Davis, and asked him whether Smith's statement that she was "laid off" from CIG was accurate. Davis informed the city that this information was incorrect. As a result of this information, Smith was fired from her temporary position and denied the permanent position.

## III. DISCUSSION

### A. Intentional Infliction of Emotional Distress

#### 1. Pre-Termination Behavior

■ CIG contends that that part of Smith's emotional distress claim which arises out of pre-termination behavior must be dismissed because it is barred by the exclusivity provisions of the Colorado Workmen's Compensation Act (the Act). I conclude that dismissal is not appropriate.

"An employer's compliance with [the Act's] statutory provisions is construed as a surrender by the employer and the employee of any other cause of action or common-law right or remedy which the employee may have against the employer for the employee's injuries arising out of and in the course of employment." *Popovich v. Irlando,* 811 P.2d 379, 381 (Colo.1991); *see* Colo.Rev.Stat. § 8–43–104 (1986); Colo. Rev.Stat. § 8–41–301 (1991 Cumm.Supp.).

An injury arises out of employment "when it has its origin in an employee's work-related functions and is sufficiently related as to be considered part of the employee's service to the employer in connection with the contract of employment." *Popovich,* 811 P.2d at 383. Whether workplace harassment arises out of the employment involves a factual inquiry that is seldom amenable to a motion to dismiss. *See, e.g., id.* at 385; *Stamper v. Hiteshew,* 797 P.2d 784 (Colo.App.1990); *Patel v. Thomas,* 793 P.2d 632, 636–37 (Colo.App.1990). Because I cannot say beyond doubt that the alleged harassment is sufficiently related to the employment so as to bar her tort claim, I deny the motion to dismiss.

#### 2. The Termination

■ CIG contends that any tort claim based on Smith's termination is barred by the Act. I disagree.

As discussed above, the Act's exclusivity provision does not apply unless the injury "aris[es] out of *and* in the course of employment." *Popovich,* 811 P.2d at 381 (emphasis added); *see* Colo.Rev.Stat. § 8–43–104 (1986); Colo.Rev.Stat. § 8–41–301 (1991 Cumm.Supp.). " 'In the course of employment' generally refers to 'the time, place and circumstances under which the injury occurred.' " *Popovich,* 811 P.2d at 383 (quoting *Industrial Comm'n v. London & Lancashire Indemn. Co.,* 135 Colo. 372, 311 P.2d 705, 707 (1957)).

Injuries that result from a discharge do not arise until the employment relationship has ended and, therefore, are not barred by

the Act. *Allabashi v. Lincoln Nat'l Sales Corp.*, 6 Indiv.Empl.Rts.Cas. (BNA) 338 (Colo.App.1991); *Hoffsetz v. Jefferson County School Dist. No. R–1*, 757 P.2d 155, 158 (Colo.App.1988). Accordingly, Smith's claim grounded in her discharge is not barred by the Act.

### 3. *Post–Termination Behavior*

■ CIG contends that the post-termination behavior, standing alone, is insufficient to support an outrageous conduct claim. I conclude that the post-termination behavior should not be considered alone but as part of a pattern of conduct. Because CIG does not argue that the entire pattern of conduct fails to state an intentional infliction of emotional distress claim, I deny the motion to dismiss.

### B. Invasion of Privacy

■ Smith also alleges that CIG's actions violated her right to privacy. I conclude that this claim must be dismissed.

Although Colorado has recognized the tort of invasion of privacy, *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970), its parameters are undefined. *See, e.g., id.*, 476 P.2d at 755. However, under the Restatement (Second) of Torts (1977), the right to privacy is invaded by:

(a) unreasonable intrusion upon the seclusion of another;

(b) appropriation of the other's name or likeness;

(c) unreasonable publicity given to the other's private life; or

(d) publicity that unreasonably places the other in a false light before the public....

The facts alleged do not support a claim under any of these theories. Unreasonable intrusion of seclusion is not implicated because the allegations do not involve invasions of Smith's personal solitude or personal affairs. *See* Restatement (Second) of Torts § 652B. Instead, the allegations concern Smith's business affairs. *Compare Phillips v. Smalley Maintenance Servs., Inc.*, 711 F.2d 1524, 1536–37 (11th Cir.1983) (inquiry into plaintiff's sexual proclivities and personality constitutes improper invasion into plaintiff's personal affairs). The

second and third theories clearly are not involved. The fourth theory, publicity that unreasonably places the plaintiff in a false light, is not implicated because Smith does not allege that any statements CIG made about her were false or portrayed her in a false light. Accordingly, I conclude that Smith fails to state a cognizable privacy claim.

Smith argues that she has stated a valid cause of action because the invasion of privacy tort encompasses all affronts to one's dignity. Smith has cited no case, and certainly no Colorado case, adopting this expansive theory and I will not adopt it here.

### C. Violation of Public Policy

■ Smith claims redress for "violation of public policy" based on work place harassment, post-termination retaliation, and discriminatory discharge. I grant the motion to dismiss this claim.

Her theory is based on a line of Colorado cases that apply a "public policy exception to the at-will employment rule." *See, e.g., Lorenz v. Martin Marietta Corp.*, 802 P.2d 1146, 1149 (Colo.App.1990), *cert. granted*, (Colo. Jan. 7, 1991); *Lathrop v. Entenmann's, Inc.*, 770 P.2d 1367, 1372 (Colo. App.), *cert. granted*, 778 P.2d 1370 (Colo. 1989), *cert. dismissed*, (July 17, 1989); *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 622 (Colo.App.1988); *Gamble v. Levitz Furniture Co.*, 759 P.2d 761, 766 (Colo.App.1988). This exception allows a plaintiff to sue an employer for wrongful discharge "if a terminated employee shows that he was discharged for exercising a specifically enacted right or duty." *Cronk*, 765 P.2d at 622; *see Lathrop*, 770 P.2d at 1372.

Contrary to Smith's argument, this is not a generalized tort based on violation of public policy. Rather, it is a narrowly crafted exception to the general rule that an at-will employee may not sue for wrongful discharge. Accordingly, an essential element of a claim under this theory is that the plaintiff must prove that he or she was fired by the defendant. *See, e.g., Lorenz*,

802 P.2d at 1149; *Cronk,* 765 P.2d at 622. Smith's allegations based on work place harassment and post-termination retaliation fail to state a claim for relief under this theory because they do not concern her discharge.

■ Smith's "public policy" claim based on a theory of discriminatory discharge also fails to state a valid claim for relief. As discussed above, the public policy exception to the at-will employment rule is limited to instances where the employee is discharged for *exercising* a specific statutory right or obligation. Smith does not allege that she was discharged for exercising a specific statutory right or obligation. Rather, she alleges that she was discharged because of her gender or race. Third Amended Complaint ¶ 38. Moreover, in Colorado, the public policy exception "is not available when ... the statute in question provides the employee with a wrongful discharge remedy." *Gamble,* 759 P.2d at 766. The discrimination statutes implicated here provide employees with a wrongful discharge remedy. Accordingly, this claim is not cognizable and the motion to dismiss Smith's public policy claim is granted.

D.   Civil Rights Act of 1870

Smith concedes that her section 1981 claim of wrongful discharge is not cognizable under current law and should be dismissed. However, she requests that the dismissal be without prejudice because current law may be overturned by Congress. I agree that under the present circumstances the claim should be dismissed without prejudice.

Accordingly, it is ORDERED that:

(1) CIG's motion to dismiss is GRANTED IN PART in that:

(a) the Third Amended Complaint's "Third Cause of Action (Invasion of Privacy)" is DISMISSED WITH PREJUDICE;

(b) the Third Amended Complaint's "Fourth Cause of Action (Violation of Public Policy)" is DISMISSED WITH PREJUDICE; and

(c) the Third Amended Complaint's "Eighth Cause of Action (Civil Rights Act of 1870)" is DISMISSED WITHOUT PREJUDICE; and

(2) CIG's motion to dismiss is DENIED IN PART as to the Third Amended Complaint's "Second Cause of Action (Intentional Infliction of Emotional Distress)."