Karen K. MILES

v.

**MARTIN MARIETTA CORP.**

No. 93–C–2394.

United States District Court,
D. Colorado.

Aug. 15, 1994.

E. Lee Dale, Denver, CO, for plaintiff.

Gregg McReynolds, Denver, CO, for defendant.

MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Karen K. Miles, a resident of Colorado, commenced this action against her former employer, Martin Marietta Corporation, a Delaware corporation, alleging wrongful discharge in violation of public policy. Defendant has filed a motion for partial summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff has filed a response in opposition, to which the defendant has filed a reply.

The issues have been fully briefed and oral argument would not materially assist the decision process. Jurisdiction is asserted pursuant to 28 U.S.C. § 1332.

## I. *FACTUAL BACKGROUND.*

Plaintiff was employed as a chemist in the defendant's lab. On December 10, 1992, a potentially toxic material was released from an adjacent lab.[1] Plaintiff allegedly suffered injuries as a result of the release; thus, she filed a claim for worker's compensation. Plaintiff also filed a report with the Occupational Safety and Health Administration (OSHA), which conducted an investigation.

---

1. Plaintiff asserts that the material was hydrogen    selenide.

On September 3, 1993, the plaintiff received a "Notice of Termination–Layoff." Plaintiff then filed a claim of retaliatory discharge with the OSHA pursuant to 29 U.S.C. § 660(c)(1).

## II. ANALYSIS.

Summary judgment is proper if the pleadings, depositions and affidavits, if any, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a properly supported summary judgment motion may not rest upon mere allegations of the complaint, but must set forth evidence of specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is material only if, under governing law, its resolution might affect the action's outcome. A factual dispute is genuine only if a reasonable fact finder could return a verdict for the nonmoving party. *Id.*

Defendant moves for summary judgment on the plaintiff's public policy wrongful discharge claim to the extent that it relates to alleged retaliation for filing an OSHA report.[2] Defendant argues that a public policy wrongful discharge claim is not available where a statutory remedy exists. Plaintiff disagrees, arguing that Colorado law recognizes such a claim any time a person is discharged for exercising a statutory privilege or for performing a public obligation.

Colorado law is clear that a separate public policy wrongful discharge claim is not available where the statute at issue provides a wrongful discharge remedy. *See, e.g., Smith v. Colorado Interstate Gas Co.,* 777 F.Supp. 854, 858 (D.Colo.1991) (applying Colorado law); *Gamble v. Levitz Furniture Co.,* 759 P.2d 761, 766 (Colo.Ct.App.1988). Section 660(c), 29 U.S.C., under which the plaintiff filed her retaliatory discharge claim with the OSHA, has been held to provide such a remedy.[3] *Corbin v. Sinclair Mktg., Inc.,* 684 P.2d 265, 267 (Colo.Ct.App.1984). Accordingly, the plaintiff may not base her public policy wrongful discharge claim on alleged retaliation for filing an OSHA report.

In *Martin Marietta Corp. v. Lorenz,* 823 P.2d 100 (Colo.1992), the Colorado Supreme Court addressed the elements of a public policy wrongful discharge claim. Plaintiff argues that because the court did not there state a requirement that there be no other statutory remedy, the plaintiff has stated a valid claim. *Lorenz,* however, affirmed the doctrine as it had been applied by the Colorado Court of Appeals, with only a slight modification that is irrelevant to this issue.[4] *Id.* at 109. *Lorenz* did not change the law with respect to the unavailability of a public policy wrongful discharge claim for relief where there is an available statutory remedy.

Accordingly IT IS ORDERED that:

(1) Defendant's motion for partial summary judgment is granted; and

(2) The parties and their counsel are ordered to meet and confer within five days of this order in a good faith attempt to settle the case without further litigation, expense or delay. The parties

2. Defendant does not move for summary judgment to the extent that the plaintiff's claim is based on having filed a claim for worker's compensation.

3. Section 660(c) provides in pertinent part:
   (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or relating to this Act
   . . . .
   (2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this section may ... file a complaint with the Secretary alleging such discrimination.... If upon ... investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States District Court against such person.

4. The Colorado Supreme Court added a requirement that the employee show that the employer was aware that the employee's failure to comply with an order was based on the employee's belief that the order violated a legal duty of the employer or a right or privilege of the employee. 823 P.2d at 109.

shall report to this court in writing within eight days of this order, stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding would facilitate settlement.