FILED
United States Court of Appeals
Tenth Circuit

March 27, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY A. STOUT, an individual,

Plaintiff - Appellant,

v.

GYRODATA, INC., a Texas corporation,

Defendant - Appellee.

No. 13-1393
(D.C. No. 1:12-CV-00972-RM-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Plaintiff Terry A. Stout appeals the grant of summary judgment in favor of his

previous employer, Gyrodata, Inc.  Plaintiff alleged wrongful termination in violation

of public policy and several breach of contract claims.  We have jurisdiction under

28 U.S.C. § 1291 and affirm.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"We review a district court's decision to grant summary judgment de novo, applying the same standard as the district court." *Squires v. Breckenridge Outdoor Educ. Center*, 715 F.3d 867, 872 (10th Cir. 2013) (internal quotation marks omitted). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Colorado law applies in this diversity case. *Squires*, 715 F.3d at 872.

The district court's order accurately and thoroughly details the factual background; thus, we provide only a very brief summary. Plaintiff was a senior engineer and operations coordinator for Gyrodata, a privately held oil service company. He supervised employees doing field survey work in confined areas of limited space, referred to as "confined space entries" in Occupational Safety and Health Administration (OSHA) regulations. OSHA regulations specify safety practices and procedures for closed space entries. Plaintiff reported safety concerns to Gyrodata relating to confined space entries, and sought additional training and equipment, all of which Gyrodata denied. Plaintiff's last request was in May 2011. In August 2011, Gyrodata terminated Plaintiff for poor job performance.

Plaintiff filed a complaint in Colorado state court alleging he was wrongfully discharged for reporting safety concerns in violation of public policy and asserting breach of employment contract claims. Gyrodata removed the case to federal court based on diversity jurisdiction, then moved for summary judgment. Gyrodata argued that, under applicable Colorado law, OSHA had sole jurisdiction over Plaintiff's

whistleblowing claim. It also argued that Plaintiff's employment had been "at will" and he had no written or implied employment contract with Gyrodata.

The district court ruled that Plaintiff's public-policy wrongful-discharge claim was not available under Colorado law because OSHA's anti-retaliation provision, 29 U.S.C. § 660(c), provided a statutory remedy for his allegations. Section § 660(c) prohibits retaliatory discharge or discrimination against employees reporting safety violations. The district court ruled that "'Colorado law is clear that a separate public-policy wrongful-discharge claim is not available where [a] statute . . . provides a wrongful discharge remedy.'" Order, Aplt. App. at 303 (quoting *Miles v. Martin Marietta Corp.*, 861 F. Supp. 73, 74 (D. Colo. 1994)); *see also Caspar v. Lucent Techs., Inc.*, 280 F. Supp. 2d 1246, 1249 (D. Colo. 2003) ("The Colorado courts have expressly disallowed [the] application [of a public-policy wrongful-discharge claim] where a statute provides a wrongful discharge remedy."). The district court cited Colorado Supreme Court and appellate court rulings that specifically rejected public-policy wrongful-discharge claims where OSHA's § 660(c) provided the plaintiff with a wrongful discharge remedy. *See* Order, Aplt. App. at 303-04 (citing *Corbin v. Sinclair Mktg., Inc.*, 684 P.2d 265, 267 (Colo. App. 1984) and *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 107 n.5 (Colo. 1992) (en banc) (confirming *Corbin*)).

On appeal, Plaintiff argues these Colorado cases are distinguishable because the plaintiffs in those cases had filed an OSHA complaint, whereas he had not (and

now cannot, because § 660(c) requires the complaint be filed within thirty days of the alleged retaliatory action).  We find no merit in this argument.  As the district court explained, § 660(c) was an available remedy to Plaintiff when he was terminated and his failure to avail himself of that remedy does not entitle him to now assert a common law public policy claim.  Plaintiff seeks to persuade this court that OSHA's statutory remedy should not preclude his common law claim, urging us to rely on reasoning adopted by Kansas state courts.  Again, this argument lacks merit.  Plaintiff asserted a Colorado common law public policy claim, which is governed by Colorado law.  *See, e.g., Yousuf v. Cohlmia*, 741 F.3d 31, 47 (10th Cir. 2014) ("[T]he task of a federal court sitting in diversity is not to reach our own judgment regarding the substance of the common law, but simply to ascertain and apply the state law." (internal quotation marks omitted)).  Plaintiff's claim that the district court erroneously failed to consider evidence in the record, is, quite simply, false.  The district court's order frequently cited and referred to the operative facts in the evidentiary record, including Plaintiff's deposition.  We find no error in the district court's summary judgment dismissal of the public policy wrongful discharge claim.

Plaintiff also asserted claims for breach of an implied contract of employment, promissory estoppel, and breach of a covenant of good faith and fair dealing.  He argued an implied employment contract was created by Gyrodata's representation in its employment manual that it would follow applicable law in terminating employees, and that Gyrodata had a progressive discipline policy.  The latter claim was based

- 4 -

solely on his testimony that he knew some employees had not been terminated without prior warnings. It is, however, undisputed that Plaintiff had no written employment contract, and his employment handbook stated his employment was "at will"; that he could be terminated at any time, with or without notice or cause; and that this "at will" status could not be modified except by a specific written agreement signed by the President of Gyrodata. Aplt. App. at 94-95, 112-13. Moreover, Plaintiff signed an acknowledgment that he understood his employment was "at will," that he could be terminated at any time without notice or cause, and that no Gyrodata manager or employee had any authority to promise him continued employment. *Id*. at 130. Under Colorado law, termination procedures in an employee manual may constitute an implied contract of continued employment if, among other factors, the employer communicated an offer "in such a way as to justify the employee in understanding that his assent [to that offer] was invited." *Cont'l Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987) (en banc). The district court found that Plaintiff presented no evidence that Gyrodata ever did anything to communicate such an offer or to contradict the clear statement in its manual that employment was at will. It ruled that there was no evidence or any verbal or written agreement that Gyrodata ever promised to give Plaintiff warnings prior to termination, and its promise to follow applicable law was simply an acknowledgment it was required to follow the law.

On appeal, Plaintiff argues the district court erroneously made a factual determination that Gyrodata had not promised him continued employment. We disagree. The district court applied summary judgment standards to rule, correctly, that Plaintiff failed to come forward with any specific evidence creating a genuine issue as to whether Gyrodata created an implied contract of continued employment or made any related promise to, or covenant with, Plaintiff. *See* Fed. R. Civ. P. 56(a) (describing summary judgment standards). We find no error in the district court's grant of summary judgment to Gyrodata on Plaintiff's contract claims.

The judgment of the district court is affirmed.

Entered for the Court

John C. Porfilio
Senior Circuit Judge