IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 30, 2014 Session

EDWARD FARIA v. WILSON & ASSOCIATES, PLLC, ET AL.

Appeal from the Chancery Court for Davidson County
No. 13556IV     Russell T. Perkins, Chancellor

_____

No. M2013-02396-COA-R3-CV - Filed January 21, 2015

_____

This appeal arises from a suit by a borrower against a servicing agent and law firm to enjoin a foreclosure sale and to set aside the assignment of the deed of trust. The action was ultimately dismissed on summary judgment. The trial court found that the borrower lacked standing to enjoin the sale because he no longer had an interest in the real property subject to the foreclosure sale. The trial court also found that, to the extent the borrower's claims sounded in fraud, they were barred by the applicable statute of limitations. We affirm the trial court's judgment.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Edward Faria, Antioch, Tennessee, appellant, Pro Se.

Edward D. Russell, Brentwood, Tennessee, for the appellee, Wilson & Associates, PLLC.

John R. Wingo and Lauren Paxton Roberts, Nashville, Tennessee, for the appellee, JPMorgan Chase Bank National Association.

# MEMORANDUM OPINION[1]

## I. BACKGROUND AND PROCEDURAL HISTORY

In September 2006, the Appellant, Edward Faria, obtained a loan from WMC Mortgage Corporation ("WMC") in the principal amount of $191,755.00. To secure the loan, Mr. Faria executed a deed of trust in favor of Arnold M. Weiss, as trustee for the benefit of WMC, for property located at 5145 West Oak Highland Drive, Antioch, Tennessee (the "property"). The deed of trust included a provision that named Mortgage Electronic Registration Systems, Inc. ("MERS") as "a nominee[2] for" WMC and WMC's successors and assigns.

On December 9, 2008, MERS assigned the deed of trust to "Chase Home Finance, LLC, as servicing agent for U.S. Bank National Association, as Trustee for J.P. Morgan Acquisition Trust 2006-WMC4." JPMorgan Chase Bank ("Chase") is Chase Home Finance's successor by merger. On March 21, 2013, Chase appointed Wilson & Associates, PLLC, as successor trustee under the deed of trust.

On April 15, 2010, Mr. Faria executed and recorded a quitclaim deed, transferring a one-half undivided interest in the property to Eric Goodman. Then, on August 2, 2010, Mr. Faria and Mr. Goodman executed and recorded another quitclaim deed, transferring the entirety of their interests in the property to the Divine Science Temple of Marakush.

Mr. Faria eventually defaulted on his payment obligations under the loan. In an attempt to stave off foreclosure of the property, on July 5, 2011, Mr. Faria filed a petition for injunction to set aside the trustee's sale with the Chancery Court for Davidson County. Among other things, Mr. Faria alleged that Chase, MERS, WMC, Wilson & Associates, and others had "committed a crime of fraud, theft by deception, defamation of character, false claims filing, and other related charges." Although captioned as a petition to set aside the trustee's sale, the petition actually sought to enjoin the foreclosure sale and set aside the assignment of the deed of trust. The chancery court dismissed the

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] A "nominee" is "[a] party who holds bare legal title for the benefit of others." Black's Law Dictionary 1149 (9th ed. 2009).

petition on August 8, 2011, but the record does not reveal whether the dismissal was on the merits.

After once more receiving notices of a foreclosure sale for the property, on April 19, 2013, Mr. Faria filed a second petition for injunction to set aside the trustee's sale. This second petition, the subject of the current litigation, names Wilson & Associates, Chase, and John/Jane Does 1-10 as defendants and includes allegations substantially similar to his first petition. As before, Mr. Faria alleged that the defendants "committed a crime of fraud, theft by deception, defamation of character, false claims filing and other related charges." The petition included two separate "counts." The first count requests a permanent injunction, seeking to prevent foreclosure. The second count requests that the sale of the deed of trust be set aside. The second count is apparently directed at the assignment by MERS to Chase, which Mr. Faria characterizes as "a robo-signed document and is *void* because the persons executing the documents did not have authority to do so." At the conclusion of the petition, Mr. Faria requests a judgment for unspecified damages and an award of costs.

Chase and Wilson & Associates both filed motions for summary judgment, which the trial court granted. In its order dismissing the action, the trial court provided as follows:

> [T]he Court finds that the plaintiff has no standing to bring this case as the undisputed facts show that he quitclaimed his interest in the property at issue to third parties prior to the lawsuit being filed. Further, to the extent that the plaintiff's claims include claims of fraud, those claims are barred by the statute of limitations and the Tennessee savings statute. Additionally, if Mr. Faria's proposed conveyance is flawed in any respect, the Court holds that the attempted transfer operates as an estoppel against Mr. Faria's claims.

Mr. Faria filed a timely notice of appeal. He presents two issues for review. First, he argues that both Chase and Wilson & Associates "br[oke] the chain in title as they have both participated in robo-signed documents conveying chain of title." Second, he argues that the trial court improperly relied upon hearsay evidence in granting summary judgment.

## II. DISCUSSION

On appeal we review the trial court's grant of summary judgment de novo, with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). When reviewing a trial court's decision, we must view all of the evidence in the

3

light most favorable to the nonmoving party, including resolving all inferences to be drawn from the facts in that party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the trial court's grant of summary judgment will be upheld. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

Our analysis begins by considering whether Mr. Faria had standing to bring either of his claims. In deciding an issue of standing, a judge-made doctrine, we "may and properly should refuse to entertain an action at the instance of one whose rights have not been invaded or infringed." *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001) (quoting 59 Am. Jur. 2d *Parties* § 30 (1987)); *see also Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976) ("[Standing] is used to refuse to determine the merits of a legal controversy irrespective of its correctness where the party advancing it is not properly situated to prosecute the action."). Our focus in a standing inquiry is on the party pursuing the claims, not the merits. *City of Memphis v. Hargett*, 414 S.W.3d 88, 97 (Tenn. 2013); *Mayhew*, 46 S.W.3d at 767. The doctrine of standing is designed to prevent us from being "called upon to decide abstract questions of wide public significance . . . even though judicial intervention may be unnecessary to protect individual rights." *Fannon v. City of LaFollette*, 329 S.W.3d 418, 424 (Tenn. Ct. App. 2010).

Our Supreme Court recently discussed the standing doctrine in *City of Memphis v. Hargett*, 414 S.W.3d 88 (Tenn. 2013). There the Court recognized that there are two types of standing that are necessary to give rise to a justiciable controversy, non-constitutional and constitutional standing. *Hargett*, 414 S.W.3d at 98. "Non-constitutional standing focuses on considerations of judicial restraint," questions such as whether an issue is better suited for resolution by another branch of government or whether a particular statute creates a private right of action. *Id.* Constitutional standing, which is at issue in this case, represents the minimum requirements necessary for justiciability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Hargett*, 414 S.W.3d at 98.

Three elements are required to establish constitutional standing: (1) the party bringing the claim must suffer a distinct and palpable injury; (2) there must be a causal connection between the alleged injury and the conduct challenged; and (3) the injury must be redressable through a favorable decision of the court. *Hargett*, 414 S.W.3d at 98; *Chapman v. Shelby Cnty. Gov.*, No. W2012-02223-COA-R3-CV, 2013 WL 3155211, at *2 (Tenn. Ct. App. June 20, 2013); *Fannon*, 329 S.W.3d at 424. Whether a party has standing is a question of law, subject to de novo review with no presumption of correctness. *Chapman*, 2013 WL 3155211, at *2.

4

The trial court found that Mr. Faria lacked standing to bring either of his claims because he lacked an ownership interest in the property. We review each of these claims separately.

## A. Claim for Injunctive Relief

Generally, only persons with an interest in the property subject to the deed of trust have standing to seek an injunction to prevent foreclosure, and persons who have no interest in the property lack standing. *See* 59 C.J.S. *Mortgages* §755 (2014). Although Mr. Faria lacks an ownership interest in the property at issue, he could have standing to enjoin the foreclosure sale by virtue of being a party to the deed of trust under which the sale is sought. *See Montenegro v. Ocwen Loan Serv'ing, LLC*, 419 S.W.3d 561, 567 (Tex. App. 2013) (finding that as a general rule either the mortgagor or a party with an interest in the property has standing to contest the validity of a foreclosure sale pursuant to a deed of trust); *Banc of America Leasing & Capital, LLC v. 3 Arch Tr. Servs., Inc.*, 103 Cal. Rptr. 3d 397, 406 (Cal. App. 2009) (same). However, despite having standing to enjoin the foreclosure sale as a party to the deed of trust, we find dismissal of Mr. Faria's claim appropriate.

In Tennessee, proceedings to enjoin foreclosures involving real property are governed by statute. A party seeking to enjoin a foreclosure sale under a deed of trust is required to "distinctly state how, when, and to whom the debt or any part of the debt secured aforementioned has been paid, or any circumstances of fraud which vitiate the contract." Tenn. Code Ann. § 29-23-202 (2014); *see also Daunhauer v. Bank of New York Mellon*, No. 3:12-CV-01026, 2013 WL 209250, at *3 (M.D. Tenn. Jan. 16, 2013) (concluding that Tenn. Code Ann. § 29-23-202 only presents grounds for an injunction where the party alleges repayment of the debt owed or fraud that would vitiate the mortgage contract). Here, because Mr. Faria's petition fails to allege either of these grounds, it must be dismissed for failure to comply with the statute. Therefore, we affirm the trial court's grant of summary judgment on Mr. Faria's request for injunctive relief. *See Pier v. Jungkind*, 427 S.W.3d 922, 930 (Tenn. Ct. App. 2013) (concluding that we may affirm an award of summary judgment on grounds that differ from those forming the basis of the trial court's decision).

## B. Claim to Set Aside Assignment

Although Mr. Faria may have had standing to seek injunctive relief, he lacked a distinct and palpable injury sufficient to allow him to challenge the assignment of the deed of trust. In seeking to challenge the assignment of a deed of trust, the general rule is that:

The obligor of an assigned claim may defend a suit brought by the assignee

5

on any ground that renders the assignment void or invalid, but may not defend on any ground that renders the assignment voidable only, because the only interest or right that an obligor of a claim has in the assignment is to ensure that he or she will not have to pay the same claim twice.

6 Am. Jur. 2d *Assignments* § 119 (2014).

This rule arises from the principle that a plaintiff must assert his own legal rights and interests and cannot assert the rights of a third party. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). While a borrower may have an interest in avoiding foreclosure, the validity of an assignment does not affect whether the borrower is indebted, but only to whom the borrower is obligated. *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010). Therefore, while a borrower may assert defenses rendering an assignment absolutely invalid – such as nonassignability of the right assigned – he generally cannot assert any ground that would render the assignment merely voidable "because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim twice." 6A C.J.S. *Assignments* § 132 (2014). Although our courts have not previously applied this standing analysis to a deed of trust, numerous other states have for many years. *See Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011); *Livonia Prop. Holdings*, 717 F. Supp. 724, 735-36; *Ifert v. Miller*, 138 B.R. 159, 166 n.13 (E.D. Pa. 1992) *Gamel v. Hynds*, 125 P. 1115, 1116 (Okla. 1912).

The deed of trust signed by Mr. Faria was made assignable by its express terms. Mr. Faria's rights and duties under the deed of trust remain the same, the only change being to whom those duties are owed. As such, Mr. Faria may not now step into the shoes of an assignor to assert its contractual rights. Therefore, we affirm the trial court's dismissal of Mr. Faria's claim to set aside the assignment of the deed of trust based on lack of standing.

In light of our conclusions that Mr. Faria failed to comply with Tennessee Code Annotated section 29-23-202 with regard to his claim for injunctive relief and that he lacks standing on his claim to set aside the assignment of the deed of trust, it is unnecessary for us to consider the issue Mr. Faria raises on appeal relative to the materials supporting the motions for summary judgment filed by Chase and Wilson & Associates. Dismissal is appropriate based on the content of the petition alone.

### III. CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal shall be taxed to the Appellant, Edward Faria, for which execution may issue, if necessary.

_____
W. NEAL McBRAYER, JUDGE