Reed, P. J.,
delivered the opinion of the court.
Appellant brought suit against appellee to recover $900, alleging that on the 1st day of January, 1892, he was employed by appellee at $1,800 a year, payable weekly; that he continued in such employment until July, 1893,—one year and six months,—when he was discharged without cause; was unable to get employment for the balance of the year. The suit was brought to recover wages for the remaining six months after his discharge, from July 1, 1893, until January 1, 1894.
Defendant answered, denying a hiring by the 3rear, and alleging a hiring by the month at the rate of wages of $1,800 a year, and by an amended answer pleaded the statute of frauds.
*199 The plaintiff was the only witness sworn. He testified to a contract for service one year from January 1, 1892, made with the manager of the defendant. That he was to have $1,800 for the year is conceded by the answer. The following was the evidence of the plaintiff in regard to the contract:
“ The conversation was with Mr. Creswell. When I went in the office, we passed the time of day * * * and Mr. Creswell said: ‘ George, we have come to the conclusión that we will open a new department, and we will give you a position as our general solicitor to look after the general trade throughout the city and do all you can for the interests of the firm, for which we will pay you $1,800 a year, and if we can see our way clear the following year, next year, and we can do any better for you as far as salary is concerned, we will do so.’ ” That he worked the year and six months of the ensuing year and received payment, he said: “ I continued in the employment of the defendant during that year, 1892. After the end of the year 1892 I continued in the employ of defendant six mouths. There was not at the beginning of the year 1898, or at any other time after I entered the employ of the defendant, any other or different arrangement made than the arrangement under which I first went into the employ of defendant. I just kept right on to work after the beginning of the year 1893, without any new arrangement.”
There was some documentary evidence, in the shape of letters to him from the company when he was absent on its business during the spring of 1893 ; also letters from other parties to whom he had written soliciting employment, declining to employ him. The contract of employment was oral. After the close of the testimony, under the instructions of the court the jury found a verdict for the defendant. Judgment upon the verdict and an appeal to this court.
It is evident that the court found that the contract came under the first paragraph of the statute of frauds ; that by its terms it was not to be performed within one year. The court erred in its conclusion. The allegation in the complaint is to be only construed as a hiring for a year at $1,800. The *200 answer alleges it to have been a hiring by the month at $1,800 a year.
The testimony of plaintiff is of a hiring for a year. The language used by the employer was: “ For which we will pay you $1,800 a year, and if we can see our way clear the following year, next year, and we can do any better for you as far as salary is concerned, we will do so,”—showing that the second year was left open for future consideration and agreement.
“ The statute applies only to oral contracts which by their terms are not to be performed in one year, and not to contracts which merely may not be performed within that period.” Walker v. Johnson, 96 U. S. 424.
“ The expression ‘ is not to be performed ’ points to such affirmative terms in the contract as exclude performance within the year.” Bishop on Cont., sec. 1273.
“ The statute of frauds plainly means an agreement not to be performed within the space of a year, and expressly and specifically so agreed.” Fenton v. Emblers, 3 Burr. (Eng.) 1279.
The statute only applies when, under the terms of the agreement, the complete execution of it within a year from the time it is made is impossible. Souch v. Strawbridge, 2 C. B. 808; Bish. on Cont., sec. 1274; Knowlman v. Bluett, Law Rep. 9 Exch. 1; Russell v. Slade, 12 Conn. 455; Wiggins v. Keizer, 6 Ind. 252; Ellicott v. Turner, 4 Md. 476; Wood on Stat. of Frauds, sec. 273, and notes, and 274; 3 Parsons on Cont., 58 to 62, and notes.
It will be seen that there was no contract for more than the year alleged or proved. In order to bring it under the statute the contract must, by its own expressed and affirmative provisions and terms, make the performance impossible within the year. No such contract is shown. There was a hiring for a year at $1,800, which was performed. The employment continued six months of the next year without a contract, except as implied from the former contract, the continued service and acquiescence of the parties.
*201 The questions were purely of fact for the finding of the jury, to be deduced from all the facts and circumstances surrounding the employment, the former contract, the continuance of service for half of the ensuing year, etc., but principally whether the facts and circumstances established an implied contract of hiring for the second year on the same terms as the former.
The judgment was unwarranted and erroneous, must be reversed, and cause remanded for a new trial.

Reversed.