Cynthia **PICKELL, Plaintiff–Appellee and Cross–Appellant,**

v.

**ARIZONA COMPONENTS COMPANY, Defendant–Appellant and Cross–Appellee.**

No. 93CA1771.

Colorado Court of Appeals,
Div. III.

Dec. 1, 1994.

Rehearing Denied Jan. 19, 1995.

Certiorari Granted Sept. 5, 1995.

**394**

David P. Kozma, Denver, for plaintiff-appellee and cross-appellant.

Laurence J. Rich, James N. Sigman, Englewood, for defendant-appellant and cross-appellee.

Opinion by Judge DAVIDSON.

In this claim for promissory estoppel, defendant, Arizona Components Company, appeals from the judgment in favor of plaintiff, Cynthia Pickell, entered after a bench trial. Plaintiff cross-appeals from the trial court's denial of her motion to amend her complaint. We affirm in part and reverse in part.

Plaintiff was employed by an electronic components supplier. When defendant decided to expand its competing business in the Denver area, it contacted plaintiff and offered her a position. Although the new Denver office was to be a "start up" venture, defendant told her it would have the backing of the more established Phoenix, Arizona, office.

Plaintiff subsequently left her former employment and began work for defendant. Approximately two months later, defendant closed the Denver office and terminated plaintiff's employment.

As pertinent here, plaintiff brought suit on a single claim of promissory estoppel. Specifically, she alleged that defendant induced her to leave her previous position by promising employment, employment related benefits, and higher compensation.

At the close of plaintiff's evidence, defendant moved for a directed verdict on the ground that the existence of an at-will employment contract precluded plaintiff's claim.

The trial court denied the motion without comment and, after presentation of all evidence, found that defendant had told plaintiff "if she came and worked for [it], she would have employment with a better job, better benefits, and better future prospects that she currently had." The court further found that, by so doing, defendant "certainly induced the action on the plaintiff's part in leaving her job and that the promises that [it] made were promises which would reasonably induce such action."

The court then specifically found that defendant had promised plaintiff a job for a length of time which "was certainly not only two months," but was instead "for a reasonable time." Based upon this finding, the trial court concluded that one year constituted a reasonable time and consequently awarded plaintiff one year's salary as damages.

## I.

Promissory estoppel is available as a remedy only in the absence of an otherwise

enforceable contract. *Scott Co. v. MK–Ferguson Co.,* 832 P.2d 1000 (Colo.App.1991); *see also Gilmore v. Ute City Mortgage Co.,* 660 F.Supp. 437 (D.Colo.1986). If there has been mutual agreement between the parties as to all the essential terms of a contract, the alternative remedy of promissory estoppel is not applicable. *See Vigoda v. Denver Urban Renewal Authority,* 646 P.2d 900 (Colo.1982).

In accordance with these principles, defendant argues that the existence of an express at-will employment contract precludes plaintiff from asserting a claim for promissory estoppel based upon representations inconsistent with its terms and that, therefore, the judgment in favor of plaintiff must be reversed.

In response, plaintiff suggests that there was no contract because the parties had never completed negotiations on its terms. Her primary contention, however, is that, even if there was a contract, she is entitled to enforce defendant's promises to her because the promises were: (1) ancillary to any employment contract; or (2) constituted an unconscionable injury; or (3) were supported by special consideration.

We agree with defendant that there was an at-will contract for employment and that plaintiff is not entitled to assert promissory estoppel on any of the three theories she advances.

## II.

We first consider, and reject, plaintiff's contention that she had no contract with defendant.

■ The general rule in Colorado is that, in the absence of special consideration or an express stipulation as to the length of employment, employment for an indefinite term constitutes an "at-will" contract that is terminable at any time. *Lampe v. Presbyterian Medical Center,* 41 Colo.App. 465, 590 P.2d 513 (1978); *Justice v. Stanley Aviation Corp.,* 35 Colo.App. 1, 530 P.2d 984 (1974); *see also Roberts v. Conoco, Inc.,* 717 F.Supp. 724 (D.Colo.1989).

■ The undisputed evidence here showed that plaintiff's employment was for no definite length of time. All evidence in the record indicated that the parties had completely negotiated the terms of plaintiff's employment contract by the time she started working for defendant. That her employment was to be for an indefinite term merely demonstrates that the parties intended to enter into a typical at-will employment agreement and does not reflect a failure to agree upon all essential terms of the contract. Thus, plaintiff's suggestion notwithstanding, the absence of a definite term of employment does not negate the existence of a valid employment contract. *See Schur v. Storage Technology Corp.,* 878 P.2d 51 (Colo. App.1994); *see also Burrill v. GTE Government Systems, Corp.,* 804 F.Supp. 1356 (D.Colo.1992).

## III.

■ At-will employment is terminable at any time by either party, with or without cause. *See Lampe v. Presbyterian Medical Center, supra.* Promises which are ancillary to an otherwise at-will employment arrangement, such as termination procedures contained in employee manuals, may support a claim for promissory estoppel because in such situations the employer has represented to that employee, who has relied on such promise to his or her detriment, that it would follow these procedures when discontinuing the employment. *See Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988); *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987).

Accordingly, plaintiff argues, even if she had an express at-will employment contract, she has a valid promissory estoppel claim because she relied to her detriment upon ancillary representations that the Denver office had the support of the successful Arizona office and that she would receive future benefits, such as health insurance and yearly bonuses, in addition to her salary. We disagree.

### A.

■ Defendant's representation that the Denver office would receive assistance from the Arizona office, as plaintiff asserts, was

not a material term of plaintiff's at-will employment contract. Moreover, even if we assume without deciding, that such representation constitutes an ancillary promise, nonetheless, the undisputed evidence at trial was that support from the Phoenix office, in fact, was supplied in the form of services and resources until the Denver office closed. Plaintiff has not alleged that defendant represented either that this support would continue for any particular period of time or that it would follow any particular procedures before withdrawing this support, closing the Denver office, and terminating her employment. Thus, in this regard, no ancillary promise, even if sufficient to support a claim for promissory estoppel, was unfulfilled.

### B.

■ Plaintiff argues that, nevertheless, the additional representation by defendant that she would receive benefits in addition to her salary resulted in "unconscionable injury" sufficient to support a promissory estoppel claim under *Chidester v. Eastern Gas & Fuel Associates,* 859 P.2d 222 (Colo.App. 1992). We disagree. The benefits plaintiff was to receive were part of, not ancillary to, her contract of employment. Further, plaintiff misconstrues the scope of the *Chidester* decision.

In *Chidester v. Eastern Gas & Fuel Associates, supra,* the plaintiffs were offered key positions with an oil and gas venture and were promised a minimum of five years to make it a viable operation. This employment contract, which was oral, could not be performed within one year and, hence, the employer defended by asserting the statute of frauds. *See* § 38–10–112(1)(a), C.R.S. (1982 Repl.Vol. 16A) (any contract not performable within one year, is void, unless it is in writing and signed by the party to be charged).

The court held that the contract was unenforceable because even partial performance of services and partial payment of compensation did not take the contract out of the statute of frauds. It concluded, however, that because the plaintiffs had asserted reasonable reliance upon representations concerning future financial rewards other than salary, they had alleged sufficient unconscio-

nable injury to justify assertion of a promissory estoppel claim as a remedy for damages resulting from the alleged breach of the otherwise unenforceable oral contract. *See* Annotation, *Action by Employee in Reliance on Employment Contract Which Violates Statute of Frauds as Rendering Contract Enforceable,* 54 A.L.R.3d 715 (1974).

Thus, by permitting the plaintiffs to assert a promissory estoppel claim based on an alleged promise for future financial rewards, the court allowed for an equitable remedy in the absence of an enforceable contract.

In contrast, an oral employment contract which—like plaintiff's contract here—is for an indefinite period of time is not barred by the statute of frauds because performance is possible within one year. *See Krause v. Dresser Industries, Inc.,* 910 F.2d 674 (10th Cir.1990) (applying Oklahoma law); *Toussaint v. Blue Cross & Blue Shield,* 408 Mich. 579, 292 N.W.2d 880 (1980); *Kestenbaum v. Pennzoil Co.,* 108 N.M. 20, 766 P.2d 280 (1988); *cf. Woodall v. Davis–Creswell Manufacturing Co.,* 9 Colo.App. 198, 48 P. 670 (1897) (statute of frauds applies only to employment contracts which are by their terms impossible of performance in one year).

We are aware that dicta in *Chidester v. Eastern Gas & Fuel Associates, supra,* suggests that at-will employment contracts fall under the statute of frauds. Notwithstanding that language, because the contract at issue in that case was for a minimum period of longer than one year, we do not read the decision as in conflict with the general rule.

·Because plaintiff here is *not* seeking to enforce the terms of an otherwise unenforceable oral employment contract, *Chidester v. Eastern Gas & Fuel Associates, supra,* is inapplicable.

### IV.

■ Finally, plaintiff argues that, even if she had an express contract, she is entitled to enforce a promise that she would be employed for a reasonable time because that promise was supported by "special consideration," represented by relinquishment of her

former employment. We reject this contention.

■ Consideration furnished to the employer by the employee, beyond that derived from the employee's services, may support a claim that the employee has "purchased" permanent employment by virtue of this "special consideration." *Schur v. Storage Technology Corp., supra; cf. Pittman v. Larson Distributing Co.*, 724 P.2d 1379 (Colo. App.1986) (taking an initial reduction in pay and bringing substantial customer contacts to new employer, could have been sufficient "special consideration" to support the plaintiff's claim that the employer promised "permanent," not at-will employment).

■ Contracts for "permanent" employment include employment for life, until retirement, until the employee leaves voluntarily, so long as the employee performs satisfactorily, or so long as the employer remains in business. These contracts do not violate the statute of frauds because any of these events could occur within one year. *See Chesapeake & Potomac Telephone Co. v. Murray*, 198 Md. 526, 84 A.2d 870 (1951); *Eklund v. Vincent Brass & Aluminum Co.*, 351 N.W.2d 371 (Minn.App.1984).

■ Relinquishing other employment, however, generally is not alone considered "special consideration." Giving up another position is necessary before the employee is in a position to accept and perform the offered employment, and is not a price or consideration paid to the new employer. *Hanson v. Central Show Printing Co.*, 256 Iowa 1221, 130 N.W.2d 654 (1964); *Chesapeake & Potomac Telephone Co. v. Murray, supra; cf. Ladesic v. Servomation Corp.*, 140 Ill.App.3d 489, 95 Ill.Dec. 12, 488 N.E.2d 1355 (1986) (foregoing another employment opportunity is not sufficient special consideration because any employee accepting one job offer must necessarily reject others).

■ And, giving up a former job may not constitute special consideration if that job was itself on an at-will basis. *Compare Moody v. Bogue*, 310 N.W.2d 655 (Iowa App. 1981) (plaintiff's former position was terminable at-will and thus leaving it to work for defendant did not provide sufficient special

consideration) *with Collins v. Parsons College*, 203 N.W.2d 594 (Iowa 1973) (inasmuch as new employer knew that former position was tenured, and thus permanent, relinquishment of that position provided sufficient special consideration) *and Rowe v. Noren Pattern & Foundry Co.*, 91 Mich.App. 254, 283 N.W.2d 713 (1979) (giving up virtually secured position and pension was sufficient special consideration).

■ Furthermore, before the special consideration doctrine may be applied, the employee must allege and prove that permanent employment was explicitly offered. *See Thacker v. American Foundry*, 78 Cal. App.2d 76, 177 P.2d 322 (1947).

Upon reviewing the record, we find no support, either direct or inferential, for the trial court's factual finding that plaintiff was promised employment for "longer than two months," or for any particular length of time. According to plaintiff's own testimony, there were no promises by defendant that her term of employment would be anything other than indefinite. And, although she had been employed at her previous job for more than six years, she did not testify that her position was tenured, or otherwise permanent.

Hence, because plaintiff did not allege that defendant offered her permanent employment in exchange for leaving her former position, or that her former employment was other than at-will, we conclude that the "special consideration" doctrine is inapplicable here. *See Hanson v. Central Show Printing Co., supra.*

Because we have found no basis in law or in fact upon which to uphold the judgment, judgment in plaintiff's favor must be reversed and the matter remanded with directions to enter judgment in favor of defendant. *See Haselden–Langley Constructors, Inc. v. D.E. Farr & Associates, Inc.*, 676 P.2d 709 (Colo.App.1983).

## V.

Because we conclude that the judgment in favor of plaintiff must be reversed, we need not address defendant's argument that the

trial court applied an improper measure of damages.

## VI.

On cross-appeal, plaintiff contends that the trial court erred by denying her request to amend her complaint to add a claim for fraudulent or negligent misrepresentation. We disagree.

Testimony at trial indicated that defendant had attempted to persuade one of plaintiff's former co-workers to join the new venture. That employee had declined to participate at the time plaintiff was hired, although one of defendant's agents testified that he still hoped she would change her mind. Defendant's agents admitted at trial that the employee's participation was desired because, in their opinion, her contacts in the business would have helped to assure the venture's success.

At the close of her evidence, plaintiff moved to amend the complaint to conform to the evidence under C.R.C.P. 15(b) and add a claim for fraudulent misrepresentation or negligent misrepresentation based upon this evidence. The trial court denied the motion.

Under C.R.C.P. 15(b), the right to amend pleadings to conform with the evidence is expressly allowed upon permission of the court. The grant or denial of a motion to amend under C.R.C.P. 15(b) lies within the sound discretion of the trial court. *Fedderson v. Goode*, 112 Colo. 38, 145 P.2d 981 (1944).

Amendment to add a new claim should be allowed only when the issue raised by amendment has been intentionally and actually tried; it is not enough that some pertinent evidence has been heard. *Clemann v. Bandimere*, 128 Colo. 24, 259 P.2d 614 (1953); *see also Graefe & Graefe, Inc. v. Beaver Mesa Exploration Co.*, 635 P.2d 900 (Colo.App.1981).

A claim for fraudulent inducement to contract may be asserted in an at-will employment situation because it is not inconsistent with the employer's right to terminate the employment at any time. *See Berger v. Security Pacific Information Systems, Inc.*,

795 P.2d 1380 (Colo.App.1990). Here, however, both parties agreed to try only the promissory estoppel claim and plaintiff's motion sought to add an entirely new claim which, the record indicates, defendant was not prepared to litigate. *See Quandary Land Development Co. v. Porter*, 159 Colo. 8, 408 P.2d 978 (1965).

Although the first mention of the other employee occurred on cross-examination of plaintiff by defense counsel, this is not equivalent to a willing acquiescence to litigate the issue of fraudulent concealment. *See Gorsich v. Double B Trading Company, Inc.*, 893 P.2d 1357 (Colo.App.1994).

Thus, we perceive no abuse of discretion in the denial of plaintiff's motion. *See Quandary Land Development Co. v. Porter, supra; City & County of Denver v. Just*, 175 Colo. 260, 487 P.2d 367 (1971).

The order denying plaintiff's motion to amend her complaint is affirmed, the judgment in favor of plaintiff is reversed, and the cause is remanded for entry of judgment in favor of defendant.

JONES and NEY, JJ., concur.