Cynthia PICKELL, Petitioner,

v.

ARIZONA COMPONENTS COMPANY,
Respondent.

No. 95SC126.

Supreme Court of Colorado,
En Banc.

Jan. 27, 1997.

As Modified on Denial of Rehearing
March 10, 1997.

David P. Kozma, Denver, for Petitioner.

Laurence J. Rich, Laurence J. Rich, James N. Sigman, Englewood, for Respondent.

Feiger, Collison & King, P.C., Diane S. King, Lynn D. Feiger, Joan M. Bechtold, Denver, for Amicus Curiae Plaintiff Employment Lawyers Association.

Melanie Daly, Denver, for Amicus Curiae Mountain States Employers Council.

Justice SCOTT delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' judgment in *Pickell v. Arizona Components Co.*, 902 P.2d 392 (Colo.App. 1994).[1] Seeking compensation for wrongful discharge, petitioner, Cynthia Pickell, initiated this litigation against her former employer, respondent Arizona Components Company (Arizona Components). The trial court ruled in favor of Pickell and Arizona Components appealed. The court of appeals affirmed in part and reversed in part the trial court's judgment in favor of Pickell. *Pickell*, 902 P.2d at 394. We reverse.

I.

A.

Petitioner, Cynthia Pickell, was employed by Denver Beta Wintronics (Denver Beta), an electronic components distributor and a direct competitor of Arizona Components. With the exception of employment for a short time earlier, Denver Beta was Pickell's exclusive employer after her graduation from high school, where she worked for more than six and one-half years.

---

1. Our order granting review is based on two questions:
    1. Whether the court of appeals erred in failing to recognize the holding in *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo. 1987), that promises sufficient to support a claim for promissory estoppel can modify an at-will employment relationship.

2. Whether the court of appeals erred by replacing the trial court's findings—that the promises made by defendant to plaintiff gave rise to a claim for promissory estoppel—with its own findings.
The issues affirmed by the court of appeals are not before us on certiorari.

In the summer of 1991, Arizona Components approached and actively recruited Pickell to work in its soon to be opening Denver branch office. Arizona Components' solicitation included several phone calls to Pickell and a dinner. Representatives of Arizona Components indicated to Pickell on a number of occasions that, with Arizona Components, she would have better future prospects, paid vacations, a year-end bonus, and full insurance benefits. In addition, Arizona Components representatives told Pickell that although her starting salary would be $2,000 per month, she would be paid salary plus commission once the Denver office had solidified.

Initially, Pickell rejected the opportunity to leave Denver Beta. In her discussions with Arizona Components, she questioned the wisdom of leaving a secure position to work in a new venture of uncertain potential. In response to those concerns, Arizona Components assured Pickell that it would give the Denver office the necessary financial backing to endure over time in the Denver market and, therefore, the offer of employment would in the long run be a much better job for her than the job which Arizona Components asked her to leave.

Pickell accepted Arizona Components' offer of employment on July 3, 1991, and terminated her employment with Denver Beta on that same date. Pickell began working for the Denver office on July 24. However, less than two months later, on September 20, despite its representations made to Pickell, Arizona Components closed its Denver office. While it continued the employment of some employees by transferring them to offices outside Denver, Pickell's employment was immediately terminated.

### B.

Pickell initiated this action on November 30, 1992, alleging that she had justifiably relied on the representations and promises of Arizona Components to her detriment, giving rise to a claim of promissory estoppel. Specifically, she alleged that Arizona Components had induced her to give up her employment with Denver Beta by promising continued future employment, benefits, higher compensation, and most importantly, financial support sufficient to ensure the longevity of the Denver office.

A bench trial was held on September 2, 1993, before the Jefferson County District Court. During the course of the trial, the parties presented testimony regarding the negotiations, representations, and promises that Arizona Components had made to Pickell. At the close of Pickell's case, Arizona Components moved to dismiss the action, asserting that Pickell's promissory estoppel claim failed because a valid at-will employment contract existed between Pickell and Arizona Components. The trial court denied the motion.

At the conclusion of trial, the trial court found that Arizona Components had "certainly induced" Pickell to leave her job with Denver Beta. Further, the trial court "specifically found that [Arizona Components] had promised [Pickell] a job for a length of time which 'was certainly not only two months,' but was instead 'for a reasonable time.'" *Pickell*, 902 P.2d at 394. Based upon this finding, the trial court concluded that one year constituted a reasonable time and consequently awarded Pickell damages in the amount of one year's salary. *Id.*

The trial court awarded Pickell $21,129 in damages.[2] Arizona Components appealed and the court of appeals reversed,[3] holding that "there was an at-will contract for employment and that [Pickell] is not entitled to assert promissory estoppel." *Id.* at 395. The court of appeals reasoned that promissory estoppel was available as a remedy only in the absence of an otherwise enforceable contract. *Id.* at 395–96.

---

**2.** Pickell requested this amount based on her previous annual salary at Denver Beta for one year. The court later granted Pickell's uncontested motion for actual costs and added $804.65 to the amount of the award.

**3.** While the opinion of the court of appeals states the trial court's ruling was affirmed in part and reversed in part, *Pickell*, 902 P.2d at 394, in all material respects as to the issues before us, the trial court's ruling and judgment for Pickell was, in fact, reversed.

Hence, concluding on its review that "the undisputed evidence here showed that plaintiff's employment was for no definite length of time," *id.*, the court of appeals reasoned that the parties' agreement was a typical at-will employment agreement which did not reflect a failure to agree upon all essential terms of the contract, including period of employment. *Id.* at 396. Moreover, the court of appeals determined that the record did not support the trial court's finding that Pickell was promised employment for "longer than two months." *Id.* at 397.

## II.

█ We agree with the court of appeals that Colorado adheres to the general rule that, in the absence of special consideration or an express stipulation as to the length of employment, employment for an indefinite term presumptively creates an at-will employment relationship that is terminable at any time by either party. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1348 (Colo. 1988); *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo.1987); *Pickell*, 902 P.2d at 395 (citing *Lampe v. Presbyterian Med. Ctr.*, 41 Colo.App. 465, 590 P.2d 513 (1978); *Justice v. Stanley Aviation Corp.*, 35 Colo.App. 1, 530 P.2d 984 (1974)); *see also* 2 Joseph M. Perillo & Helen H. Bender, *Corbin on Contracts* § 6.2, at 226 (rev. ed 1995) ("The 'at-will' rule is only a rebuttable presumption.").

However, in this case, the trial court did not conclude that an at-will employment contract was the result of the negotiations between Pickell and Arizona Components. To the contrary, the trial court, after hearing all the testimony and receiving all the evidence, specifically found that Arizona Components promised Pickell a job for a definite length of time. The trial court stated:

First of all, what was the length of time for the job they promised. [The] Court will find that the length of time was certainly not only two months.

[The] Court will find that considering the totality of the circumstances of their discussions, it would encompass a reasonable time; and the Court will find that what the plaintiff is asking for in this case,

which is approximately one year's worth of damages, is certainly within what this Court would deem reasonable.

The trial court, therefore, after weighing the evidence and considering the credibility of the witnesses, determined that the parties had agreed to a specific term of employment. The trial court further concluded that the term of employment agreed to under the employment agreement was "certainly not only two months," but was for one year. The trial court based its finding in part on the fact that the negotiations between Arizona Components and Pickell specifically contemplated that Pickell's employment with Arizona Components would amount to a much better opportunity for her in the long run than would the job she was induced to leave. Indeed, the record reveals that the parties discussed, among other things, insurance benefits, pay raises, vacations, and year-end bonuses. The trial court determined, in effect, that the employment relationship was not terminable at the will of either party and, hence, was not an at-will employment contract.

█ The court of appeals' determination that all evidence in the record demonstrated that Pickell's employment was for no definite length of time is in direct conflict with the trial court's findings. Importantly, however, on review here, while Pickell did not seek review of the trial court's findings, neither did Arizona Components. Before us, Arizona Components did not raise by cross-petition the sufficiency of the evidence in support of the trial court's findings. Therefore, as any appellate court on review, we must accept the trial court's findings as correct. Thus, we hold that the court of appeals erred in substituting its judgment for that of the trial court with regard to the term of employment. *See M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1383 (Colo.1994) (appellate court does not decide facts and may not substitute its judgment for the fact finder and factual findings supported by substantial evidence are binding upon review); *see also Johnson v. Smith*, 675 P.2d 307, 312 (Colo. 1984) ("Factual findings of a trial court may not be disturbed on appeal unless they are unsupported by the record.") (citing *Ge-*

*bhardt v. Gebhardt,* 198 Colo. 28, 595 P.2d 1048 (1979)).

In addition, because of this holding, we need not reach and decline to address those matters raised under the first question upon which we granted certiorari, i.e., petitioner's contentions regarding promissory estoppel or whether the court of appeals erred in failing to follow *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987).

### III.

The trial court specifically found that the parties had agreed to a term of employment and, in effect, rejected the argument that an at-will employment relationship existed. Because the sufficiency of the evidence in support of that finding was not challenged on appeal, we hold that the court of appeals erred in looking behind the trial court's findings.

Accordingly, we reverse the judgment of the court of appeals with regard to the second question upon which we granted certiorari and remand this matter to that court with instructions to reinstate the trial court's judgment.