Douglas FUHLRODT, individually and d/b/a D.B. Fuhlrodt & Associates, Plaintiff—Appellant,

v.

RELA, INC., a Colorado corporation; Novel Biomedical, Inc., a Colorado corporation; Colorado Medtech, Inc., a Colorado corporation, Defendants— Appellees.

No. 01–57208.
D.C. No. CV–98–01035–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2003.

Decided July 14, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

## MEMORANDUM *

Douglas Fuhlrodt appeals the dismissal and summary judgment of his contract claims brought under Colorado law. The relevant facts are known to the parties and are discussed here only briefly and as necessary. We review de novo both a dismissal for failure to state a claim, *Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 927–28 (9th Cir. 2002), and the grant of summary judgment, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

■ As an initial matter, we conclude that the judgment appealed from is final in light of the parties' stipulation to dismiss Fuhlrodt's claim under Colorado Revised Statute § 12–66–103. *See Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 885 (9th Cir.2003); *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994). The parties represent that though labeled a separate claim for relief, Fuhlrodt's claim invoking section 12–66–103 merely enhances damages obtainable under other claims · and thus the claim is entirely dependent on claims fully disposed of by the district court. *See Dastar Corp.*, 318 F.3d at 890; *Horn v. Berdon, Inc. Defined Benefit Pension Plan*, 938 F.2d 125, 126 n. 1 (9th Cir.1991).

We find the text of section 12–66–103 to be ambiguous in light of the section's heading, *U.M. v. District Court*, 631 P.2d 165, 167 (Colo.1981), and the terminology chosen in various subsections of the statute. This conclusion also flows from a comparison of section 12–66–103 with the text of various other statutes for which Colorado courts have already answered this ques-

tion. *Compare* Colo.Rev.Stat. § 12–66–103 *with* Colo.Rev.Stat. § 13–21–102 *and* Colo.Rev.Stat. § 38–12–103. Based on legislative history, the circumstances at the time the statute was adopted and the legislative declaration of purpose, *Water Rights of Park County Sportsmen's Ranch LLP v. Bargas*, 986 P.2d 262, 268–69 (Colo. 1999), we conclude section 12–66–103 creates no independent cause of action that would bar our exercise of jurisdiction in this case. Thus, we turn to the merits of the parties' dispute.

■ Fuhlrodt contends RELA committed an anticipatory repudiation of the agreement. We do not believe, as RELA would have it, that RELA's conduct was a proposal based on competitive considerations within the meaning of the agreement. Nonetheless, RELA did not commit an anticipatory repudiation, because it did not express a present, definite and unequivocal refusal rather than a mere threat to abandon. *Johnson v. Benson*, 725 P.2d 21, 25 (Colo.Ct.App.1986). Next, Fuhlrodt contends the district court improperly dismissed his claim for breach of the implied covenant of good faith and fair dealing. The Colorado Supreme Court has declined to express any opinion on whether a covenant of good faith and fair dealing is implied in the context of an at-will employment relationship, although it has noted that the court of appeals has consistently held the covenant is not implied. *Decker v. Browning–Ferris Indus. of Colo., Inc.*, 931 P.2d 436, 442 n. 5 (Colo. 1997). The cases cited by Fuhlrodt do not suggest the Colorado Supreme Court would decide the issue differently from the court of appeals. Rather, the Colorado Supreme Court's discussion of the circumstances in which the covenant is implied appears to exclude at-will contracts. *See*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Amoco Oil Co. v. Ervin,* 908 P.2d 493, 498–99 (Colo.1995); *see also Grossman v. Columbine Med. Group, Inc.,* 12 P.3d 269, 271 (Colo.Ct.App.1999). Thus, although RELA's conduct might be actionable in some jurisdictions, it is not actionable under Colorado law.

Fuhlrodt also contends dismissal of his claim based on theories of waiver and equitable estoppel was inappropriate. Equitable estoppel is not applicable here because Fuhlrodt does not allege a misstatement of present or past fact. *Bd. of County Comm'rs v. DeLozier,* 917 P.2d 714, 716 (Colo.1996) (distinguishing equitable and promissory estoppel); *Bastian v. Martinez,* 698 P.2d 1373, 1375 (Colo.Ct. App.1984). Nor has Fuhlrodt stated a claim under a waiver theory, because RELA did not manifest an intent to waive its right to terminate the agreement at will. *Dep't of Health v. Donahue,* 690 P.2d 243, 247 (Colo.1984); *Vessels Oil & Gas Co. v. Coastal Ref. & Mktg., Inc.,* 764 P.2d 391, 392 (Colo.Ct.App.1988).

Finally, Fuhlrodt argues the district court should not have dismissed his claim for promissory estoppel. RELA contends this claim is barred by *Pickell v. Arizona Components Co.,* 902 P.2d 392, 395 (Colo.Ct.App.1994). We are not convinced the Colorado Supreme Court would apply the rule enunciated by the court of appeals in *Pickell. See Pickell v. Arizona Components Co.,* 931 P.2d 1184, 1184 n. 1 (Colo.1997) (noting the court of appeal's decision may conflict with *Cont'l Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987)); *see generally Soderlun v. Pub. Serv. Co. of Colo.,* 944 P.2d 616 (Colo.Ct. App.1997) (inquiring into at-will employee's promissory estoppel claim based on a promise directly related to the at-will nature of the relationship). Nonetheless, Fuhlrodt failed to state a claim because the statement at issue merely forecasts Fuhlrodt's "likely career progression" and is not the type of promise an employer should reasonably have expected the employee to consider as a commitment. *Soderlun,* 944 P.2d at 620; *see also Keenan,* 731 P.2d at 712.

AFFIRMED.